IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID JOSEPH VON BARGEN,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 1:16-CV-261-BLW<br>              1:11-CR-143-BLW<br><br>MEMORANDUM DECISION AND ORDER |

# INTRODUCTION

The Court has before it a motion to dismiss the § 2255 Petition filed by David Von Bargen. In his Petition, Von Bargen asks the Court to set aside his conviction for violating 18 U.S.C. § 924(c) because the Supreme Court has recently held that a similar statute is unconstitutionally vague. The Government objects, and seeks dismissal of the Petition, on the ground that the Supreme Court decision is, as a matter of law, not applicable to this case. The Court agrees with the Government and will grant its motion for the reasons expressed below.

# LITIGATION BACKGROUND

Von Bargen was charged with destroying Government property (a pickup truck and ATV), setting fire to a lumber warehouse, and possessing stolen firearms. He and a co-defendant used Molotov Cocktails to set fire to the vehicles and the warehouse in an attempt to divert police away from their burglary of a pawnshop in Fruitland.

**Memorandum Decision & Order – page 1**

Following a jury trial, Von Bargen was convicted on four counts, but just one of those is at issue here: Count One, alleging that he violated 18 U.S.C. § 924(c)(1)(A) by using or carrying a firearm "in relation to any crime of violence." The term "crime of violence" is defined in § 924(c)(3)(B), and means "an offense that is a felony and . . . that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

This language, Von Bargen argues, is unconstitutionally vague, and he asks the Court to set aside his conviction on Count One. Setting aside that conviction would have a substantial impact on Von Bargen's sentence. Of his total sentence of 444 months, 384 months were imposed for the conviction on § 924(c).

## ANALYSIS

The Ninth Circuit has interpreted identical language in a decision that is presently before the Supreme Court, having been argued on February 20, 2017. *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015) cert. granted *Lynch v. Dimaya,* 139 S.Ct. 31 (Sept. 29, 2016). The Supreme Court has not yet issued its decision.

In *Dimaya,* a Philippine citizen was convicted of burglary in California and ordered deported because his crime was a "crime of violence" under 18 U.S.C. § 16(b). That statute defined "a crime of violence" as an "offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." That definition is identical to the definition in § 924(c)(3)(B).

**Memorandum Decision & Order – page 2**

A divided panel held in *Dimaya* that this language suffered from the same vagueness flaws as language struck down in *Johnson v. U.S.,* 135 S.Ct. 2551(2015).  The *Dimaya* decision held that under the *Johnson* test, § 16(b)'s language (1) "leaves grave uncertainty about how to estimate the risk posed by a crime"; and (2) "leaves uncertainty about how much risk it takes for a crime to qualify as a violent crime." *Id.* at 2557–58.

The dissent in *Dimaya* picked apart this analysis, relying on three observations.  First, there is an obvious risk that any time a burglar enters a home, he may encounter the occupant and use physical force – there is no uncertainty about that risk.  *Dimaya,* 803 F.3d at 1124, 1128.  Second, the statutory language in *Johnson* contained four enumerated crimes intended as examples but that only created further confusion, *Johnson,* 135 S.Ct. at 2558, while § 16(b) contains no list of confusing examples.  *Dimaya,* 803 F.3d at 1127.  Third, *Johnson* expressly limited the effect of its ruling to the statute before it, holding that "we do not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct." *Johnson*, 135 S.Ct. at 2561.  The "substantial risk" phrase is precisely the language used in § 16(b), and so it appears the Supreme Court did not intend to extend *Johnson* to the many statutes like § 16(b) that use such language.

All three of these observations apply with equal strength to § 924(c)(3)(B).  Indeed, the Circuit courts that examined § 924(c)(3)(B) have all concluded that it is not unconstitutionally vague under *Johnson*.  See *U.S. v. Prickett,* 839 F.3d 697, 699-700 (8th Cir. 2016) ("*Johnson* does not render § 924(c)(3)(B) unconstitutionally vague"); *U.S. v. Hill*, 832 F.3d 135, 137, 145-50 (2d Cir. 2016) ("we conclude that the Supreme Court's

**Memorandum Decision & Order – page 3**

explanation for its conclusion in *Johnson* renders that case inapplicable to [§ 924(c)(3)(B)]"); *U.S. v. Taylor*, 814 F.3d 340, 375-79 (6th Cir. 2016); *U.S. v. Davis,* 2017 WL 436037, at *2 (5th Cir. Jan. 31, 2017) ("We join several other circuits in concluding that *Johnson* does not invalidate § 924(c)(3)(B)."). Those decisions all recognize that the Supreme Court very carefully limited the precedential scope of *Johnson,* and that any attempt to apply it to language like that in § 924(c)(3)(B) would be an improper expansion of its holding. That may explain why the Supreme Court granted certiorari in *Dimaya.*

At any rate, *Dimaya* does not compel the result here because it was based on a different statute. *See Mondragon-Hernandez v. U.S.,* 2017 WL 1080600 (S.D. Cal. March 22, 2017) (holding that § 924(c)(3)(B) is not unconstitutionally vague despite *Dimaya).* On the precise question before the Court – whether § 924(c)(3)(B) is unconstitutionally vague – the Court finds most persuasive those cases cited above holding that it passes constitutional muster. Accordingly, the Court will grant the motion to dismiss.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 6) is GRANTED. The Court shall issue a separate Judgment as required by Rule 58(a).



DATED: May 1, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court

**Memorandum Decision & Order – page 5**